Highway Express Lines, Inc., Appellant, *v.* Pennsylvania Public Utility Commission.

Submitted April 28, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold S. Shertz, Robert H. Shertz, Paul F. Barnes* and *Shertz, Walsh, Barnes & Shertz,* for appellant.

*H. Ray Pope, Jr.,* and *William M. Rutter* submitted a brief for Pennsylvania Public Utility Commission.

*Lockwood W. Fogg, Jr.,* for Reading Company and Reading Transit Company, intervenors.

*E. Russell Shockley* and *Schnader, Kenworthey, Segal & Lewis,* for Motor Freight Express, Inc., intervenor.

*Frederick B. Smillie,* for Ralph A. Detwiler, intervenor.

*Harold S. Shertz* and *Shertz, Walsh, Barnes & Shertz,* for Jones Company et al., intervenors.

OPINION BY ARNOLD, J., July 17, 1947:

This is an appeal from the order of the Public Utility Commission granting a certificate of public convenience to Carmine Veneziale to transport as a common carrier, Class D, various named commodities, within the city of Philadelphia, and from that city to points in Montgomery, Bucks, Lehigh and Berks counties. The appellant had protested the application which, if granted, would be competitive. The commission found that the service designated in its accompanying order was necessary and proper for the service, accommodation and convenience of the public.

The appellant alleges that the certificate should have been refused because of prior violations of the Public Utility Law by the applicant. Where the finding of the commission as to the fitness of the applicant is supported by substantial evidence of rational, probative force, we will not review the discretion statutorily vested in the commission unless exercised capriciously or arbitrarily. In *Schuylkill Valley Lines, Inc. v. Pennsylvania Public Utility Commission et al.,* 137 Pa. Superior Ct. 101, 8 A. 2d 487, we did reverse a finding that the applicant was

a fit person, but that was in an extreme and unusual case where the applicant (page 107) "has failed to comply with the law relative to school buses, thus defeating the legislative intent of affording special consideration *to the safety of school children transported therein.*" (Emphasis supplied.) In that case the applicant admitted that he had not complied with the standards and regulations affording safety to school children thus transported.

In the instant case no question of safety was involved. Applicant and his brother, as partners, had held a prior certificate of public convenience which had been cancelled by the commission. The present applicant continued to operate, but, as he testified, because he did not know of the cancellation. He transported lumber for one lumber company and apparently paid the costs in a prosecution brought for this violation. The testimony is confusing as to whether he was acting for the partnership or for himself. Even if he had violated the Public Utility Law by operating without a certificate, we agree with the commission that this type of violation does not, ex necessitate, compel a refusal of the instant application. No question of human safety was involved in the past dereliction, and it was for the commission to determine whether the prior violation rendered him unfit. We do not consider the commission acted either arbitrarily or capriciously.

Whether there was a need for the applicant's service was purely for the administrative body. The evidence taken must always rest upon the opinion of witnesses, since other carriers were operating in the field. The weight of the evidence was for the triers of the facts. The determination of the question is not affected by the circumstance that one witness testified to the necessity to transport one kind of a commodity, and another spoke of a different kind, where both types are to be transported. The same observation applies to the testimony as to the territory involved, one witness sustaining a

finding of necessity for the transportation of lumber to Berks county, and another failing to mention that county in regard to other commodities. We cannot direct the commission to require specific evidence in this regard as to each specific commodity named in the petition, to wit: radiators, heaters, feed, fertilizer, lime, building materials, lumber, steel, plaster building supplies, pipes and fittings. It is not necessary that the proposed service be absolutely indispensable, and the fact that certificated carriers are equipped to render the same service in the territory does not necessarily require the refusal of the application: *John Benkart & Sons Company et al., v. Pennsylvania Public Utility Commission,* 137 Pa. Superior Ct. 5, 7 A. 2d 584. The order of the commission is not clearly shown to be without support in the evidence, or so arbitrary, capricious and unreasonable as to become an error of law. The commission acted within its powers, and the question was an administrative one.

Order affirmed.