## Ferrari, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Jason Richardson,* with him *C. E. Pollins,* for appellant.

*Leon Weinroth,* with him *Charles E. Thomas,* for Pennsylvania Public Utility Commission, appellee.

*Fred B. Trescher,* with him, *Kunkle, Trescher & Snyder,* for intervenors, appellees.

*Frances E. Criner,* for intervenors, appellees.

OPINION BY RHODES, P. J., July 23, 1948:

Appellant has appealed from an order of the Pennsylvania Public Utility Commission refusing a permanent certificate of public convenience to transport, as a common carrier by motor vehicle, heavy machinery and equipment, and terminating a temporary authority which had been granted for that purpose.

Appellant had been engaged as a road contractor at Latrobe, Westmoreland County, for some time prior to 1941. In that year he purchased his own heavy hauling equipment for use in his business. Thereafter, in 1941, appellant applied to the commission for a certificate authorizing him to transport heavy equipment as a common carrier; the application was refused.

On March. 29, 1943, the commission granted to appellant a temporary wartime certificate to transport heavy machinery, as a common carrier by motor vehicle, between points in the Borough of Latrobe, Westmoreland County, and within a radius of 100 miles thereof. Appellant's temporary certificate would have expired March 29, 1946. On March 15, 1946, appellant filed an application for a permanent certificate which sought the same rights as had been temporarily granted. Such temporary rights were extended by various supersedeas orders until there was a final disposition of his application by the commission. Protests were filed by various certificated carriers in the area involved.

Extensive hearings were held before the commission on July 1, 1946, and November 18, 1946, at which appellant and protestants presented evidence. On May 12, 1947, the commission entered a summary order refusing appellant's application for lack of public necessity. The commission granted appellant's petition for rehearing by way of oral argument, and, on September 22, 1947, it entered a final order refusing the application for a permanent certificate, and terminated the temporary authority granted appellant in the interim.

The extent of our review on appeal from an order of the commission granting or refusing a certificate of public convenience is limited. We cannot disturb the commission's order except for lack of evidence to support the findings, for other error of law, or for a violation of constitutional rights. *Horn's Motor Express, Inc. v. Pennsylvania Public Utility Commission,* 148 Pa. Superior Ct. 485, 487, 26 A. 2d 346; *John Benkart & Sons Co. et al. v. Pennsylvania Public Utility Commission,* 137 Pa. Superior Ct. 5, 8, 7 A. 2d 584; *Modern Transfer Co. v. Pennsylvania Public Utility Commission et al.,* 139 Pa. Superior Ct. 197, 202, 12 A. 2d 458; *Alko Express Lines v. Pennsylvania Public Utility Commission,* 152 Pa. Superior Ct. 27, 30 A. 2d 440; *Sayre v.*

*Pennsylvania Public Utility Commission,* 161 Pa. Superior Ct. 182, 54 A. 2d 95; *Gallagher & Sons et al. v. Pennsylvania Public Utility Commission,* 161 Pa. Superior Ct. 243, 53 A. 2d 842; Act of May 28, 1937, P. L. 1053, Art. XI, §1107, as amended by the Act of July 3, 1941, P. L. 267, §3, 66 PS. §1437. The burden was upon appellant to establish a public need for the service which he offered. *Kulp et al. v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 379, 384, 33 A. 2d 724; *Modern Transfer Co. v. Pennsylvania Public Utility Commission et al.,* supra, 139 Pa. Superior Ct. 197, 206, 12 A. 2d 458. It is also provided in section 203, Art. II, of the Act of May 28, 1937, P. L. 1053, the Public Utility Law, 66 PS §1123, that the commission, in granting a certificate of public convenience, "shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience, or safety of the public; . . ."

An examination of the record discloses that there was sufficient evidence to support the commission's finding on the question of public necessity. Appellant, testifying on his own behalf, stated that he purchased and operated a 75-ton trailer, a 20-ton trailer, and three tractors in hauling heavy equipment. He also testified that he originally purchased such equipment in 1941 because he had difficulty in obtaining transportation for machinery used by him in his principal business of road construction. At the time of the hearing before the commission, appellant's road building machinery consisted of ten shovels, thirteen bulldozers, three or four rollers, twenty-five trucks, a carryall, scrapers, and graders. Appellant produced and introduced in evidence as exhibits a list of "everybody we hauled for" since 1943 under his temporary certificate. He testified that the public demand for his heavy hauling service had increased and was increasing since the end of the war in 1945; that it averaged four or five calls per day

28

at the time of the hearing; and that such demand made it necessary for him to haul his own machinery at night. Eleven witnesses testified on behalf of appellant as to the alleged public need for appellant's service. Many of these witnesses were engaged in the business of strip mining and used appellant's service to haul shovels from one location to another. The commission found, and the testimony establishes, that the majority of these witnesses had rarely, if ever, sought, or availed themselves of, the services of other certificated heavy haulers in the same territory. The commission, in analyzing appellant's exhibits Nos. 1 and 2, found they contradicted appellant's assertion that demand for his service had increased since the war; that on the contrary the exhibits showed a substantial decline in calls for appellant's service. The commission specifically found: "The exhibits show that during 1944 the applicant [appellant] provided public heavy hauling service on 43 days for 15 contractors. During 1945 he provided similar service on 103 days for 21 contractors. Up to July 1, 1946, which was the date of the first hearing in this proceeding, he had provided service on 15 days for 10 contractors."

Six of the protestants appeared and testified in their own behalf. From their testimony it appeared that there were approximately 20 carriers certificated to furnish heavy hauling service in the general area involved in appellant's application; that since the end of World War II in 1945 the demand in the heavy hauling field had taken a decided drop; that ample manpower and equipment are now available to supply all needs; that none of the protestants had refused any calls for service since the war ended. It was also shown that many of the protestants had substantial equipment which was idle part of the time due to lack of calls for its use. Three of the protestants testified that they had in the recent past furnished service to some of the ship-

pers listed by appellant as formerly served by him under his temporary certificate, and that they were presently furnishing service to many of the shippers listed by him.

It is apparent that the evidence presented a definite conflict as to a public need for appellant's service in the area involved. It was such that it would support a finding either way. Consequently, we are obliged to sustain the commission's action as we cannot disturb the finding and order which it has made. See *Beaver Valley Service Co. v. Public Service Commission et al.*, 122 Pa. Superior Ct. 221, 186 A. 304. We have frequently said that it is for the commission, under such circumstances as appear in the present case, to determine whether the available equipment and facilities are sufficient and adequate to meet the public demands, and that the extent of competition in intrastate transportation of freight by common carrier by motor vehicle is largely an administrative question within the sound discretion of the commission. *John Benkart & Sons Co. et al. v. Pennsylvania Public Utility Commission*, supra, 137 Pa. Superior Ct. 5, 9, 10, 7 A. 2d 584; *Alko Express Lines v. Pennsylvania Public Utility Commission*, supra, 152 Pa. Superior Ct. 27, 33, 34, 30 A. 2d 440; *Colombo et al. v. Pennsylvania Public Utility Commission*, 159 Pa. Superior Ct. 483, 487, 488, 48 A. 2d 59; *Gallagher & Sons et al. v. Pennsylvania Public Utility Commission*, supra, 161 Pa. Superior Ct. 243, 248, 53 A. 2d 842.

We have carefully examined the record in this case, and we find no abuse of discretion by the commission, no error of law, and no violation of constitutional rights.

The order of the commission is affirmed, at the cost of appellant.