H. J. Gongaware & Sons, Appellant, v.
Pennsylvania Public Utility Commission.

Argued April 20, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Robert M. Carson,* with him *Francis E. Criner,* for appellant.

*Arthur J. Diskin,* with him *Charles E. Thomas,* for appellee.

*Joseph M. Loughran* submitted a brief for intervenors, appellees.

OPINION BY DITHRICH, J., July 23, 1948:

The Pennsylvania Public Utility Commission issued an order extending the operating privileges of a co-partnership, trading as "Trafford Motor Coach Service," presently authorized to transport persons on scheduled bus service, to the privilege of providing group and party service at points on its authorized route.

The appellant, a partnership consisting of a father and his two sons, holds a certificate authorizing the furnishing of similar service in the Borough of Irwin and the Townships of Penn and North Huntingdon in Westmoreland County. It is the understanding of counsel for all parties that this appeal concerns only the area for which appellant has been certificated. The appeal is based on the ground that there is no substantial evidence with rational probative force to sustain the order, chiefly for the reason that the applicant offered no disinterested testimony as to the need for additional service in the three areas in which appellant has group and party rights.

True, the applicant relied solely on the testimony of its manager as to requests he had received for service in the Irwin vicinity, in North Huntingdon Township, and, on the testimony of one of its drivers, as to the need for service in the village of Claridge in Penn Township. No matter how unimpressive this testimony may appear to us, it was competent testimony and therefore its weight was for the Commission. In *Alko Express Lines v. Pa. P. U. C.*, 152 Pa. Superior Ct. 27, 30 A. 2d 440, this Court said (p. 33) : "The applicant's general traffic manager testified that the company had received numerous calls and requests including those from their customers desiring to make shipments from Philadelphia to Pittsburgh and vice versa. This testimony was admissible and its weight was for the commission : Modern

Transfer Co., Inc. v. Pennsylvania Public Utility Commission et al., supra, p. 204."

Appellant complains that the additional rights granted to applicant "cut at the very heart of Gongaware's business." That is unfortunate, if true, but the extent to which there shall be competition is an administrative question which must be left to the discretion of the Commission. *John Benkart & Sons Co. v. Pa. P. U. C.,* 137 Pa. Superior Ct. 5, 7 A. 2d 584; *Sayre v. Pa. P. U. C.,* 161 Pa. Superior Ct. 182, 54 A. 2d 95.

The route traversed by the applicant having been heretofore established, the sole question involved is whether there is sufficient competent evidence of rational probative force to sustain the order of the Commission extending the operating privileges of applicant to group and party service in addition to its regular bus schedule. There are no special rules relating to group and party certificates. Despite the able argument of counsel for appellant, we are not persuaded that this case presents anything more than an administrative question to be decided by the Commission. *Highway Express Lines, Inc. v. Pa. P. U. C.,* 161 Pa. Superior Ct. 98, 54 A. 2d 109; *Yellow Cab Company v. Pa. P. U. C.,* 161 Pa. Superior Ct. 41, 54 A. 2d 301; *Gallagher & Sons v. Pa. P. U. C.,* 161 Pa. Superior Ct. 243, 53 A. 2d 842; *Gannon v. Pa. P. U. C.,* 162 Pa. Superior Ct. 88, 56 A. 2d 366.

Order affirmed.