Highway Express Lines, Inc., Appellant, v.
Pennsylvania Public Utility Commission.

Argued October 1, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Richard V. Zug,* with him *Edmonds, Obermayer & Rebmann,* for appellant.

*Arthur J. Diskin,* with him *Charles E. Thomas,* for appellee.

*Robert H. Shertz,* with him *Harold S. Shertz* and *Shertz, Walsh, Barnes & Shertz,* for intervenor appellee.

OPINION BY DITHRICH, J., January 14, 1949:

Rodgers Motor Lines, Inc. (hereinafter referred to as "Rodgers Motor"), has been serving the Curtis Publishing Company of Philadelphia (hereinafter referred to as the "Publishing Company") and the Central Printing Company of Wilkes-Barre (hereinafter referred to as the "Printing Company") in transporting comic books and newspaper supplements from the Printing Company plant in Wilkes-Barre to the Publishing Company plant in Philadelphia. Highway Express Lines, Inc. (hereinafter referred to as "Highway Express") and Fowler & Williams, Inc., have been furnishing like service.

The Publishing Company has moved its plant, or was in process of moving it at the time of hearing before the Pennsylvania Public Utility Commission, from Independence Square in Philadelphia to Sharon Hill, Delaware County. Highway Express is the only one of the three carriers presently certificated to provide the newly required service between the printing plant in Wilkes-Barre and the relocated publishing plant in Sharon Hill.

The Publishing Company, desiring the transportation services from the printing plant to its publishing plant to continue on the same basis of availability from Wilkes-Barre to Sharon Hill as had heretofore existed between Wilkes-Barre and Philadelphia, requested Rodgers Motor, intervening appellee, and Fowler and Williams, Inc., applicant in a contemporaneous proceeding, to apply for certificates extending their traffic and operating authority to permit the transportation of the same commodities between Wilkes-Barre and Sharon Hill.

Over the protest of Highway Express, the applications were approved and Highway Express took this appeal. No appeal was taken in the Fowler and Williams case.

It was made to appear to the Public Utility Commission, upon the presentation of competent evidence, that the availability of more than one carrier was of imperative importance since prompt delivery was of the essence of the business arrangement between the Publishing Company and the Printing Company, and that they should not have to depend solely on the service of one carrier. The question is whether there was substantial evidence having rational probative force to support the order of the Commission.

F. J. Singer, assistant traffic manager of the Publishing Company, testified that the loss of the service of Rodgers Motor "would be a serious matter in as far as

we would be confined to the transportation facilities of the one company, and should they fail to furnish service for any reason, we would be hard-pressed to find transportation of our magazines from Wilkes-Barre to Sharon Hill." When asked if "any less available transportation would be desirable," he answered, "Certainly not." Albert I. Dodd, general superintendent of the Printing Company, testified along the same line from the point of view of the Printing Company; and John P. Barrett, vice president of Rodgers Motor, testified that the application was filed at the request of the Publishing Company, and that the extension of traffic and operating authority was desired to maintain the tonnage presently carried for the Publishing Company. The Commission's order limited the applicant's new authority to carrying the same type of commodity between Wilkes-Barre and Sharon Hill.

We have held that testimony in respect of requests for additional service is competent evidence and that the weight to be given it is for the Commission. *H. J. Gongaware & Sons v. Pennsylvania Public Utility Commission*, 163 Pa. Superior Ct. 9, 60 A. 2d 364; *Sayre v. Pennsylvania Public Utility Commission*, 161 Pa. Superior Ct. 182, 54 A. 2d 95. And in *Highway Express Lines, Inc., v. Pennsylvania Public Utility Commission*, 161 Pa. Superior Ct. 98, 101, 54 A. 2d 109, where the present appellant likewise appeared as protestant and appellant, we said: "It is not necessary that the proposed service be absolutely indispensable, and the fact that certificated carriers are equipped to render the same service in the territory does not necessarily require the refusal of the application: John Benkart & Sons Company et al., v. Pennsylvania Public Utility Commission, 137 Pa. Superior Ct. 5, 7 A. 2d 584. The order of the commission is not clearly shown to be without support in the evidence, or so arbitrary, capricious and unreasonable as to be-

come an error of law. The commission acted within its powers, and the question was an administrative one."

While the precise question whether a carrier may follow a shipper to a new location has not heretofore been raised in the appellate courts of this State, or in any reported case before the Public Utility Commission, the question has been before the Interstate Commerce Commission so frequently that a general principle in respect thereof has been evolved; and while the decisions of the Interstate Commerce Commission are not binding on us they are highly persuasive.

In *Becker Transportation Co., Inc., Extension*, 30 M. C. C. 355, where the Commission had before it substantially the same problem which confronted the Public Utility Commission in this case, the shipper having opened a new terminus for its oil shipments outside the applicant's certificated territory, it was held that the application should be granted. The Commission said (pp. 358-359): "We have previously enunciated the principle that an applicant providing service from and to particular points or territories who, through no fault of its own, is faced with a possibility of losing a large percentage of its former business unless it is authorized to follow its shipper to a new source of supply, should be granted authority to serve the new origin points in the performance of service for the same shipper, notwithstanding the fact that other motor carriers are authorized to provide service from and to the same points as those which applicant proposes to serve, and even though it is shown that ample motor-carrier service is available from the new origin points."

Order affirmed.