Ruettger et al., Appellants, *v.* Pennsylvania Public Utility Commission et al.

Argued November 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Harry H. Frank,* with him *Joseph P. Sheridan, Edward M. Larkin* and *McNees, Wallace & Nurick,* for appellants.

*Thomas M. Kerrigan,* with him *Charles E. Thomas* and *Jack F. Aschinger,* for Public Utility Commission, appellee.

*Frederick L. Kiger,* with him *John M. Walker,* for applicant, intervening appellee.

OPINION BY RHODES, P. J., March 21, 1949:

This appeal is from an order of the Public Utility Commission of August 23, 1948, granting a certificate of public convenience to John E. Robertson, intervening appellee, "to transport, as a Class D Carrier, rubber products, tires, glass, glass products, kitchen utensils, power accessories, electric shades, toys, brewing supplies and raw materials used in the manufacture of said commodities from points in the City of Jeannette, Westmoreland County to points in the City of Pittsburgh, Allegheny County, and vice versa, . . ."

Appellants had protested the application, but the Commission found that the service to be rendered by intervening appellee in the transportation of such commodities between Jeannette and Pittsburgh and vice

versa was necessary or proper for the accommodation and convenience of the public. The Commission specifically found that there was a need for the additional service between these points, as shippers had trouble filling their transportation requirements under existing conditions, and that there was an undue delay in the service being rendered by the other carriers.

The question as presented by appellants is whether there is substantial evidence [1] with rational probative force in the record to sustain the findings and the order of the Commission.

In 1945, George E. Ruettger and Elmer W. Ruettger, trading as the Glass City Transfer Company, held a certificate of public convenience authorizing them, inter alia, to transport certain classes of property in both directions, as a common carrier, between Jeannette and Pittsburgh.

Robertson, intervening appellee, sought to acquire the operating privileges of the Glass City Transfer Company, and negotiated for the purchase of their equipment and privileges. In the process of filing the application for transfer, it was discovered that the certificate of the Glass City Transfer Company had been canceled.

On April 10, 1946, Robertson, who held a certificate of public convenience as a common carrier within certain limitations, filed his application for all the rights covered by the canceled certificate of the Glass City Transfer Company. On April 15, 1946, George E. Ruettger filed an application for the privileges formerly held by himself and Elmer W. Ruettger, copartners trading as Glass City Transfer Company.

---

[1] As to substantial evidence under the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS § 1710.1 et seq., see *Pennsylvania State Board of Medical Education and Licensure v. Schireson*, 360 Pa. 129, 61 A. 2d 343; Administrative Procedure Reform in Pennsylvania, by Prof. Clark Byse, Vol. 97, University of Pennsylvania Law Review, 22, 40-44 (November, 1948).

At the hearings protests against the Robertson application were presented by other motor carriers certificated to render similar service between Jeannette and Pittsburgh and by the Pennsylvania Railroad Company. On May 5, 1947, the Commission entered its order granting the Ruettger application and refusing the application of Robertson "by reason of the approval of this date of the application of George E. Ruettger, trading and doing business as Glass City Transfer Company . . ." Thereupon Robertson filed a petition for rehearing which was granted by the Commission. A further hearing was held and additional testimony taken on July 31, 1947. On March 1, 1948, the Commission rescinded the order of May 5, 1947, refusing the Robertson application, and approved his application as filed. After an appeal to this Court from the Commission's action approving the application of Robertson, the record, upon request of the Commission, was remanded on July 22, 1948, for the purpose set forth in the Commission's petition. Thereafter the Commission, by its order of August 23, 1948, modified its order of March 1, 1948, and directed the issuance of a certificate of public convenience to Robertson evidencing the Commission's approval of his right to operate as therein determined. By the order of August 23, 1948, the application of Robertson was refused for lack of necessity except for the right to transport as a Class D Carrier as therein specifically set forth. The present appeal has been taken by five of the protesting motor carriers from the order of August 23, 1948, which was substituted for and entered in lieu of the order of the Commission of March 1, 1948.

Section 1107 of the Public Utility Law of May 28, 1937, P. L. 1053, as amended, 66 PS § 1437, provides in part as follows: "The order of the commission shall not be vacated or set aside, either in whole or in part, except for error of law or lack of evidence to support the

finding, determination, or order of the commission, . . ." "On this latter phase the sole inquiry is 'whether there is substantial evidence with rational probative force in the record to support the findings of fact and the order of the commission' ": *Shenandoah Suburban Bus Lines, Inc., Case,* 158 Pa. Superior Ct. 638, 641, 46 A. 2d 26, affirmed 355 Pa. 521, 50 A. 2d 301.

There is no question about the general need for the service here involved. The controversy arises from the service rendered by appellants and the alleged need of the additional service made available by the intervening appellee. We have stated from time to time certain principles applicable to cases of this type. Where the evidence presents a definite conflict as to a public need for an applicant's service in an area, it is for the Commission to determine whether the available equipment and facilities are sufficient and adequate to meet the public demands, and the extent of competition to be allowed is largely an administrative question within the sound discretion of the Commission. *Ferrari v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 24, 29, 60 A. 2d 602; *Kulp v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 379, 381, 33 A. 2d 724. Absolute necessity for the additional service is not the test, although "accommodation" or "convenience" of the public are factors to be considered. "It is sufficient 'to show that the existing service is not of a type or character which satisfies the public need and convenience and that the proposed service would tend to correct or substantially improve that condition' ": *Kulp v. Pennsylvania Public Utility Commission,* supra, 153 Pa. Superior Ct. 379, 382, 33 A. 2d 724, 725. Protestants produced no public or shipper witnesses to support their protests against the approval of the Robertson application. They testified that present needs were adequately filled by their service. On the other hand, it appears from the record that the pro-

testants in this proceeding had arranged, in effect, a division of the local transportation business among themselves to suit their convenience rather than that of the public. The intervening appellee presented evidence not only as to the amount of equipment and facilities available and to be used in his business, but also as to requests made upon him for service from numerous shippers in the Jeannette area. This testimony was competent and its weight was for the Commission. *H. J. Gongaware & Sons v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 9, 10, 60 A. 2d 364, 365; *Lyons Transportation Co. v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 335, 339, 61 A. 2d 362.

It is evident that service to various shippers has been more or less allocated to the respective carriers. Under such circumstances, it is a proper inference that existing service does not satisfy the public need and convenience, and that the additional service of intervening appellee would improve the local condition and eliminate the tendency toward monopolistic practice. In addition, there was the testimony of numerous witnesses as to the need for the service to be rendered by intervening appellee. A manufacturer of lighting fixtures testified that there were delays of one or two days in obtaining transportation from Jeannette to Pittsburgh for his merchandise by the other carriers; that he was necessarily interested in adequate service from Jeannette to Pittsburgh; and that there was a need for the service to be supplied by Robertson. The traffic manager of the Pennsylvania Rubber Company testified that the existing service was not as expeditious as it should be. A representative of a manufacturer of candy-filled glass toys testified their company needed transportation service by common carrier from Jeannette to Pittsburgh, and that there was need for the additional service between those points. The vice-president of a company

manufacturing glass and plastic articles testified that the company needed transportation facilities between Jeannette and Pittsburgh, that the company used the existing carriers, that service was slow, and that there was need of additional service which would be supplied by Robertson especially during the season from August to February. The assistant manager of the Victory Glass Company testified that his company had used at various times all the certificated carriers in the area; that both truck and rail service were unsatisfactory; that the needed service was not available; and that the additional service of Robertson was required. The traffic manager of Elliott Company, manufacturer of power plant equipment, testified his company needed the additional service to be rendered by Robertson between Jeannette and Pittsburgh. There was other testimony as to the excessive delay in the service rendered by protestants. As to these witnesses, the Commission said they "represented business establishments, large and small, and ranged from manufacturers employing up to 1300 persons down to individual merchants employing very few persons."

In *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398, 400, 29 A. 2d 90, 92, the Supreme Court said: "All orders and decrees of legal tribunals, including those of administrative boards and commissions, must be supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty; otherwise our vaunted system of justice would rest upon nothing higher than arbitrary edicts of its administrators. 'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion': Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229. 'Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the

fact to be established': National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U. S. 292, 300." "The 'desired flexibility in administrative procedure does not go as far as to justify orders without a basis in evidence having rational probative force': Consolidated Edison Co. v. National L. R. Bd., 305 U. S. 197, 59 S. Ct. 206 [83 L. Ed. 126]": *Kulp v. Pennsylvania Public Utility Commission,* supra, 153 Pa. Superior Ct. 379, 383, 384, 33 A. 2d 724, 726.

The evidence in this case clearly meets suggested tests. It is sufficient to convince a reasonable mind to a fair degree of certainty of the propriety of the order of the Commission. It is such relevant evidence as a reasonable mind would accept as adequate to support the Commission's conclusion. It is "evidence having rational probative force," justifying the findings and order of the Commission. In summation, it suffices to point out that the delay experienced by the public from the existing carriers in the territory involved would naturally follow from the arrangement, practice, or custom intentionally or incidentally existing among those carriers, including appellants, of each taking care of certain shippers' requirements. The result is inadequacy or delay in serving other establishments requiring transportation facilities for the products and materials covered in intervening appellee's certificate. In addition, there is the competent testimony of intervening appellee as to many requests for his service as certificated, and there is the testimony of numerous shippers as to inadequacy of that type of service of the other carriers for the accommodation and convenience of shippers generally in the area.

We therefore conclude that the order of the Commission is supported by evidence sufficient in quality and quantity, and that the order is not capricious, arbitrary, or unreasonable. It is obvious, from our discussion of the law and the facts, that this case presents nothing

more than an administrative question to be decided by the Commission, which acted within the limits of its discretionary powers. See *H. J. Gongaware & Sons v. Pennsylvania Public Utility Commission,* supra, 163 Pa. Superior Ct. 9, 11, 60 A. 2d 364.

Order is affirmed.