## Grimm, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 19, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Frederick L. Kiger,* for appellant.

*Thomas M. Kerrigan,* Assistant Counsel, with him *Charles E. Thomas,* Counsel for Public Utility Commission, appellee.

*Leo Daniels,* with him *Prichard, Lawler, Malone & Geltz,* for intervenor appellee.

OPINION BY DITHRICH, J., July 15, 1949:

Upon the cancellation by the Pennsylvania Public Utility Commission of a certificate of public convenience held by one Andrew Magyan authorizing him to transport property as a Class A carrier between Pittsburgh and certain points in the vicinity of Johnstown, Cambria County, three applications were filed for a similar certificate. Joseph R. Prostko, intervening appellee, was the successful applicant and from the order approving his application and the one refusing the application of William Grimm, trading and doing business as Johnstown-Pittsburgh Express, a certificated carrier, the latter has appealed. No appeal has been taken by the third applicant. Since the parties and the questions involved are the same in both cases, they were argued together and will be disposed of in one opinion. The order of the Commission states that: "The records in the three application proceedings were not formally consolidated but, for administrative purposes, they were considered together."

Counsel for appellant, who is presently certificated to transport property as a Class D carrier from points in the County of Allegheny to points in the City of Johnstown and within five (5) miles, and vice versa,

states in his brief that: "We recognize, in taking this appeal, the well established principle that the extent to which there shall be competition in the intrastate transportation of freight and merchandise by common carrier, is largely a matter of policy, which the legislature has committed to the Public Utility Commission, and the question is, for the most part, an administrative one, that must be left to the sound judgment and discretion of the Commission; and its decision, *if based on competent and relevant evidence,* will not be disturbed by this Court unless convinced that it is *unreasonable or not in conformity with law."*

We have not been so convinced. To the contrary, a review of the record clearly discloses sufficient substantial evidence with rational probative force to support the findings and the orders of the Commission. As stated by RHODES, P. J., in *Ruettger v. Pennsylvania Public Utility Commission,* 164 Pa. Superior Ct. 388, 395, 396, 64 A. 2d 675, 679, ". . . this case presents nothing more than an administrative question to be decided by the Commission, which acted within the limits of its discretionary powers. See H. J. Gongaware & Sons v. Pennsylvania Public Utility Commission, supra, 163 Pa. Superior Ct. 9, 11, 60 A. 2d 364."

Necessity for the service within the scope of the applications was acknowledged by all parties;[1] all the Commission was required to do was to choose between the applicants. The difficulty with appellant, who was granted temporary permission to operate pending disposition of the applications, appears to be, in the words of the Commission, that his "existing rights could not be . . . integrated with the rights sought." The Commission, in its order, said: "In the course of the hearings held on this application, it became apparent that the

---

[1] The certificate formerly held by Magyan was revoked because of inadequate and insufficient service.

applicant's existing rights could not be lawfully integrated with the rights sought unless either the existing rights or the rights sought were drastically changed. Approval of the application here considered would still leave a gap between applicant's Pittsburgh-Johnstown rights and those involved in this application. Approval of this application would not effect a joinder of the rights. In the course of applicant's direct and cross-examination, he either would not or could not present a plan for operation of the proposed service which could properly be conducted within the limitations of this application. He indicated that he would operate within the proper scope of the application only if 'requested' to do so by the Commission. On the record, there is much to support the belief that this application was filed under the mistaken impression that approval of the application would permit William Grimm to consolidate the rights involved with those he already held so that all shipments could be taken to a terminal in Johnstown and distributed from there."

Considered from whatever angle, the question was a purely administrative one. Whether Grimm, who had been given temporary permission to operate over the route for which the applications had been filed, and who, so far as appears on the record, was rendering satisfactory service, should have been preferred over Prostko because of the former's greater experience, more adequate equipment and facilities, and better financial ability, was discretionary with the Commission. We find nothing in the record to indicate that its action, in either case, was capricious, arbitrary or unreasonable, or that there was any error of law or lack of evidence to support the findings, determination, and orders of the Commission.

The orders are affirmed.