## Slater, Appellant, *v*. Pennsylvania Public Utility Commission.

Argued March 24, 1953. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Gunther and Wright, JJ.

*James H. McHale,* for appellant.

*Frank W. Hatfield,* with him *Sabato M. Bendiner* and *Busser & Bendiner,* for intervening appellee.

*Albert E. Luttrell,* Assistant Counsel, with him *Paul E. Beaver,* Assistant Counsel, and *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission.

Opinion by Ross, J., July 14, 1953:

This is an appeal from an order of the Public Utility Commission granting a certificate of public convenience

to Ray Slater, and cancelling an outstanding certificate issued to Joseph and Ray Slater, co-partners, doing business as Slater Brothers.

Joseph Slater, appellant, and Ray Slater, intervening appellee, formed a partnership for the conduct of a trucking business in 1928 under the name of Slater Brothers. They were issued certificates of public convenience by the Public Service Commission on January 7, 1936, and by the Interstate Commerce Commission on August 29, 1938.

In October of 1939 they agreed to divide the firm's assets and to dissolve the partnership. Each thereafter continued his respective hauling operations as an individual, under the authority of the certificates of public convenience issued to the partnership. In 1947 they made a joint application for transfer to Ray Slater of the federal certificate, which was granted by the Interstate Commerce Commission on November 13, 1947. In February 1948 they made a similar application to the Pennsylvania Public Utility Commission, which was returned because of the omission of a statement by Joseph Slater releasing his interest in the partnership certificate. Joseph refused to supply the statement and in May 1949 he filed a bill in equity in the Court of Common Pleas of Philadelphia County alleging the continued existence of the partnership, asking for the appointment of a receiver and an accounting of the affairs of the partners inter se. The chancellor found that the partnership had terminated in 1939, that the terms of dissolution had been fair and reasonable, and that Joseph Slater had acquiesced in them at that time. He dismissed the bill by decree nisi on January 23, 1950; the decree was affirmed by a court en banc and by the Supreme Court in an opinion filed June 26, 1950: *Slater v. Slater*, 365 Pa. 321, 74 A. 2d 179.

After the final disposition of that controversy, on December 7, 1950, Ray Slater applied to the Public Utility Commission for a new certificate of public convenience, requesting substantially the rights included in the 1936 certificate except for those assumed by Joseph Slater after the termination of the partnership. Several motor carriers filed protests, but at the hearing all protestants who appeared stipulated that they would withdraw objections to the new certificate if the partnership certificate were cancelled. Appellant did not file a formal protest before the hearing but he entered an appearance and took an active part in the proceeding, which was held on February 23, 1951. When the commission granted the certificate he filed a petition for rehearing, which was denied November 26, 1951, whereupon he took this appeal.

Appellant contends that the commission erred in permitting applicant to apply for a new certificate rather than for transfer of the partnership certificate; that cancellation of the partnership certificate constituted a taking of his property without due process; and that Ray Slater is not a fit person to perform the proposed services.

In his application Ray Slater made full disclosure of the circumstances under which he sought a new certificate. After the dissolution of the partnership in 1939 the certificate which had been issued to the partnership in 1936 was in effect a nullity, from which neither of the former partners could derive authority to operate either as a common carrier or as a contract carrier. Under those circumstances applicant proceeded correctly in seeking a new certificate. Appellant cites *Hostetter v. Pa. P. U. C.*, 160 Pa. Superior Ct. 94, 49 A. 2d 862; but the holding there is that, upon an application for the transfer of rights under an existing certificate, applicant need not prove public neces-

sity *ab initio*. The case does not establish any substantive difference between the issues to be determined by the commission in transfer proceedings and those arising in applications for new certificates. In presenting the instant application, Ray Slater produced ample proof of necessity for the services he proposes to perform. Appellant can hardly complain that applicant undertook and sustained a greater burden of proof than he was required to meet.

Appellant further contends that the cancellation of the 1936 certificate was a deprivation of property. A certificate of public convenience issued by the Public Utility Commission is a privilege, not a property right, and confers no vested rights upon its holder. *Day v. Public Service Commission*, 312 Pa. 381, 167 A. 565. In the decree nisi of January 23, 1950 the chancellor found that the partners had agreed that Joseph surrender his interests under the partnership certificate in exchange for a substantial consideration, which he received; furthermore, that decree concluded all rights of both partners under the certificate as of the date of the termination of the partnership. Cancellation of the partnership certificate on September 24, 1951 merely gave administrative effect to the court's decree.

Appellant's third contention is that the grant of the certificate to applicant, in view of his admission that he operated improperly under the partnership certificate, is an abuse of administrative discretion. In its order of June 16, 1952, the commission remarked: "Also unrefuted is applicant's testimony that ever since shortly after the dissolution of the Slater Bros. partnership in October, 1939, when he was first advised that his operation as an individual under the partnership certificate . . . was improper, he has been trying to get the partnership certificate in his own name. Furthermore, he has always filed annual reports, evi-

dence of insurance and tariffs, and promises in the future to comply with the rules and regulations of the Commission. In addition, each of applicant's six public witnesses described applicant as being dependable."

This Court's statement in *Highway Express Lines, Inc., v. Pa. P. U. C.*, 161 Pa. Superior Ct. 98, 99, 100, 101, 54 A. 2d 109, 110, 111, is particularly appropriate here: "The appellant alleges that the certificate should have been refused because of prior violations of the Public Utility Law by the applicant. Where the finding of the commission as to the fitness of the applicant is supported by substantial evidence of rational, probative force, we will not review the discretion statutorily vested in the commission unless exercised capriciously or arbitrarily. In Schuylkill Valley Lines, Inc. v. Pennsylvania Public Utility Commission et al., 137 Pa. Superior Ct. 101, 8 A. 2d 487, we did reverse a finding that the applicant was a fit person, but that was in an extreme and unusual case where the applicant (page 107) 'has failed to comply with the law relative to school buses, thus defeating the legislative intent of affording special consideration *to the safety of school children transported* therein.' (Emphasis supplied.) In that case the applicant admitted that he had not complied with the standards and regulations affording safety to school children thus transported.

"In the instant case no question of safety was involved. Applicant and his brother, as partners, had held a prior certificate of public convenience which had been cancelled by the commission. . . Even if he had violated the Public Utility Law by operating without a certificate, we agree with the commission that this type of violation does not, ex necessitate, compel a refusal of the instant application. No question of human safety was involved in the past dereliction, and it was for the commission to determine whether the prior

violation rendered him unfit. . . The order of the commission is not clearly shown to be without support in the evidence, or so arbitrary, capricious and unreasonable as to become an error of law. The commission acted within its powers, and the question was an administrative one."

Order affirmed.