## Orban v. Rothrock

*Reabuck & Villa,* for plaintiff.

*Robert L. Stuart* and *William J. Wilcox,* for defendant.

HENNINGER, P. J., October 6, 1959.—Plaintiff on February 27, 1953, contracted with defendant's deceased husband, Clinton R. Rothrock, whereby plaintiff sold to Rothrock a 1950 Plymouth taxicab for $1,500

and a Pennsylvania Public Utility Commission Certificate of Public Convenience for the operation of the same as the Walnut Taxi Company for $2,500. The agreement contained this clause:

"The buyer agrees that he, or his assigns, will not sell, or transfer, during his lifetime, the rights under his Certificate of Public Convenience, if granted by the Public Utility Commission, without first offering said rights to the seller for the consideration of twenty-five hundred ($2500.00) Dollars. In the event buyer forms a corporation to carry on the operation of his rights, said corporation must expressly assume the obligation of buyer to first offer the rights under the Certificate of Public Convenience to the seller, as aforesaid. In the event of the death of the buyer, seller shall have the right to purchase the rights under the Certificate of Public Convenience at a price of twenty-five hundred ($2500.00) dollars. Any transfer by operation of law shall be deemed an assignment."

Rothrock died March 28, 1956, and after his death the Public Utility Commission granted to Elizabeth E. Rothrock, over the protest of plaintiff, the right to continue to operate the Walnut Taxi Company. Plaintiff notified Elizabeth E. Rothrock of his desire to exercise the above recited option, but she refused to transfer said certificate to him although he was always ready, willing and able to pay her the sum of $2,500.

Defendant has filed preliminary objections: (1) Raising a question of jurisdiction because the matter is cognizable solely in the orphans' court; (2) res adjudicata, because the Public Utility Commission has already dismissed the objections of plaintiff to defendant's application for transfer of the certificate; (3) motion for more specific pleadings because (a) no copy of the contract is attached to the complaint; (b) No specification of the P. U. C. order, and (4) a demurrer because no cause of action stated.

Defendant has cited no authority for its first point and our experience in adjudicating many claims against decedent's estates convinces us that no such authority can be found.

Plaintiff is not seeking title to any estate asset nor specific performance of a contract but is seeking damages for breach of his contract with decedent. This is not within the exclusive jurisdiction of the orphans' court as outlined in section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.301. See Pringle v. Pringle, 130 Pa. 565; Commonwealth to use v. Easton Trust Company, 347 Pa. 162, and Petillo v. Perry, 48 D. & C. 473.

Defendant's plea of res adjudicata is a speaking demurrer. Plaintiff's complaint, which contains the only facts for our consideration does not show that he participated in proceedings before the Public Utility Commission, nor does the decision of the Public Utility Commission attached to plaintiff's brief.

Even if he had, the commission and the courts have reiterated that the commission does not consider matters of private contract: Snyder v. Pennsylvania Public Utilities Commission, 187 Pa. Superior Ct. 147, 152; Slater v. Pennsylvania Public Utilities Commission, 173 Pa. Superior Ct. 404, 407.

The decision of the Public Utility Commission to award a certificate to Elizabeth E. Rothrock was based upon the fact that title to the certificate had not in fact been transferred to plaintiff and that therefore he was a stranger so far as the application of Elizabeth E. Rothrock was concerned. We have no doubt, in the light of actual recognition by the commission of title, such as is possible, to certificates of public convenience and necessity, that if defendant had actually transferred the certificate to plaintiff, the commission would not have granted a certificate to her as widow.

Despite the protests of the commission that there is no property in a certificate, the transferee or the person who can prove right of ownership has a tremendous advantage, not only on the shifting of burden of proof of necessity (see Hostetter v. Pennsylvania Public Utilities Commission, 160 Pa. Superior Ct. 94, 98), but also to challenge the commission to a just bestowal of privileges. See the Snyder and Slater cases, supra.

We conclude then that contracts relating to sale and transfer of certificates of public convenience and necessity are not in contravention of public policy and that, like liquor licenses, they have value in the hands of the owner. That value, of course, is affected by the cold fact that the commission, while it may and probably will issue a certificate to the transferee, cannot be compelled to do so.

We presume that defendant has received a copy of the contract and of the commission's order.

What we have stated above disposes of the demurrer excepting as to the complaint against defendant individually.

If this were a bill for specific performance, there would be reason for her joinder as the present holder of the desired certificate. But this action is for breach of the husband's contract and is for a money judgment against the estate.

If it should develop that her personal assumption of the certificate depleted the estate so that plaintiff would be unable to collect a judgment, there might be a cause of action against her. That, however, would be an altogether different cause of action; it has not yet accrued, and it would be cognizable in the orphans' court alone.

The motion for judgment on the pleading is premature, since the pleadings have not closed: Pa. R. C. P. 1034 (a). Res adjudicata is an affirmative defense to be raised only under "New Matter" in a responsive

pleading: Pa. R. C. P. 1030. Since that was the only preliminary objection based upon allegations of fact, and it was not well pleaded, there was no necessity for an answer to the preliminary objections.

Now, October 6, 1959, defendant's motion for judgment on the pleadings and her preliminary objections nos. 1, 2, 3 and 4 are dismissed and preliminary objection no. 5 is sustained as to Elizabeth E. Rothrock, individually and trading as Walnut Taxi Company, and it is ordered that her name be stricken as an individual party defendant, without prejudice.