## Commonwealth v. Gensko

*Henry Moore*, Assistant District Attorney, for Commonwealth.

*Joseph Valentino*, for defendant.

Acker, J., January 18, 1968.—The charge in this case is that defendant carelessly disregarded the rights

or safety of others by "pulling out of Morgan's Restaurant onto Route 18, squealing tires, stopped at Shenango Freeway and Route 18 for traffic light, then started up squealing tires across the center line of said highway".

All of the above were adequately proved by the police officer and basically admitted by defendant. The issue is whether these facts constitute reckless driving as defined by The Vehicle Code and interpreted by the appellate courts of our State.

"Reckless driving is unlawful, and for the purposes of this act, is construed to include the following: (1) Any person who drives any vehicle or streetcar or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property": Act of April 29, 1959, P.L. 58, sec. 1001, 75 PS §1001.

The leading appellate case in Pennsylvania construing this statute appears to be Commonwealth v. Forrey, 172 Pa. Superior Ct. 65 (1952). Its basic holding appears to be that reckless driving need not be willful or wanton, but there must be evidence of negligent acts amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle. This language has been approved in Commonwealth v. Stephens, 179 Pa. Superior Ct. 255, at page 258 (1955), and, more recently, Commonwealth v. Vink, 193 Pa. Superior Ct. 154, at page 157 (1960).

As is noted in Commonwealth v. Klick, 164 Pa. Superior Ct. 149 (1949), what constitutes reckless driving must depend upon the particular circumstances of the case then under consideration.

It cannot be questioned that this court must view this case under the criminal rules as to the presumption of innocence and the requirement of the Commonwealth to prove each and every material element be-

yond a reasonable doubt: Commonwealth v. Vink, supra, at page 158.

Using the principles announced above, can it be said that a driver who squeals his tires coming out of a drive-in, stops at an intersection nearby, waits for the light to change, squeals his tires in starting again, proceeds down the highway for approximately a mile and a half staying within the 55 miles-per-hour speed limit, pulling over when notified by the arresting officer, has violated the statute as to reckless driving? To this must be added the admitted statement that defendant went across the center line of the road after starting out from the intersection mentioned above about two feet for a distance of approximately 10 feet where the road bent to the right in that it did not come squarely into the intersection.

A search of the lower court decisions in addition to the appellate cases fails to disclose any court holding this conduct to be reckless driving. Here, defendant admittedly was within the legal speed limit, was not involved in a collision or near collision with any other vehicle, nor was there any property damage or personal injury to himself, his passenger or any third person. Although his conduct in squealing his tires and in making a rapid acceleration on two occasions understandably would alert a conscientious police officer to potential trouble, it cannot be said that such conduct amounts to a careless disregard of the rights or safety of others.

Therefore, defendant is held to be not guilty of the charge of reckless driving.

## ORDER

And now, January 18, 1968, it is hereby ordered and decreed that defendant, Paul H. Gensko, is found not guilty of the charge of reckless driving, the costs to be paid by the County of Mercer.