# Hutchison, Appellant, *v.* Pennsylvania Public Utility Commission.

320

Argued November 17, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

R. Carlyle Fee, with him James L. Jack, Jr., for appellant.

Clarence M. Freedman, with him Charles E. Thomas, for appellee.

G. S. Parnell, with him Parnell, Handler & Malcolm, for intervenor, appellee.

OPINION BY GUNTHER, J., January 12, 1951:

Alex D. Hutchison, trading as Hutchison Bus Lines, appeals from an order of the Public Utility Commission granting a certificate of public convenience to Ralph J. Moyer and complains that the order of the Commission with reference to the necessity for the proposed group and party service of Ralph J. Moyer is not supported by substantial evidence with rational, probative force.

The scope of our review is set forth in Section 1107 of the Public Utility Law, Act of 1937, P. L. 1053, Art. XI, section 1107, as amended by the Act of 1941, P. L. 267, 66 P.S. §1437, which provides in part: "The order of the commission shall not be vacated or set aside, either in whole or in part, except for error of law or lack of evidence to support the finding, determination, or order of the commission, or violation of constitutional rights". The pertinent findings of the Commission were as follows: "After full consideration of the record it appears that certain of the proposed service is necessary for the accommodation and convenience of the public . . . . It is clear from the record that substantially all of the enumerated groups are doing without the transportation they should like to have because they do not feel that under present conditions it can be properly rendered to them by the protestant . . . . it therefore appears that the existing service is not of a type or character which satisfies the public need and that the proposed service would tend to correct or substantially improve that condition". Our sole inquiry, therefore, is whether there was "substantial evidence with rational probative force supporting the findings". *Horn's Motor Express Inc. v. Pennsylvania Public Utility Commission*, 148 Pa. Superior Ct. 485, 487, 26 A. 2d 346, and cases there cited. We are not permitted to exercise our independent judgment, nor to weigh conflicting evidence: *Ryan v.*

*Pennsylvania Public Utility Commission*, 143 Pa. Superior Ct. 517, 17 A. 2d 637. Nor may the Court inquire into the wisdom of acts resulting from an exercise of administrative discretion. Particularly is this true as regards matters relating to the nature and extent of competition, if any, to be allowed within a given territory: *Byham v. Pennsylvania Public Utility Commission*, 165 Pa. Superior Ct. 253, 257, 67 A. 2d 626.

Ralph J. Moyer filed his application for a certificate of public convenience to operate motor vehicles as a common carrier for the transportation of persons in groups and parties upon excursions, tours, and sightseeing trips originating at East Wheatfield Township, West Wheatfield Township, Bolivar Borough, and Fairfield Township. Appellant filed its protest on the ground that the rights prayed for "are now certificated points of origin of the protestant's regularly issued and presently existing group and party certificate": After hearing, the Commission, by order dated March 20, 1950, granted Moyer the right to transport as a common carrier groups and parties of persons from West Wheatfield Township and Bolivar Borough to points within 50 miles from the point of origin. Appellant then appealed to the Superior Court and this Court, by order dated July 28, 1950, remitted the record to enable the Commission to make specific findings of fact in sufficient detail to enable this Court to determine the controverted questions. That was done and the Commission, by order dated August 21, 1950, reaffirmed the prior grant of the certificate. From this order of August 21, 1950, Hutchison Bus Lines has taken this appeal.

The applicant testified that he presently owns a bus which he uses in the transportation of school children in West Wheatfield Township; that he has received numerous requests from various organizations for the service for which he desired a certificate; including

among others the Bolivar Volunteer Fire Company, Bolivar School, Methodist Church in Bolivar, the Evangelical United Brethren Church in West Wheatfield Township, Veterans of Foreign Wars, Veterans of Foreign Wars, Auxiliary, and the Drum and Bugle Corps and the Church of the Brethren.

Nine witnesses representing these various groups testified on behalf of the applicant. Briefly summarized, their testimony establishes that their groups would use the applicant's service if the certificate were granted. Several of the witnesses representing the organizations listed above testified that they have in the past made use of protestant's service, but do not make full use thereof because protestant's facilities are not conveniently available, or they are unable to pay the price charged by the protestant. The principals of the Garfield School in West Wheatfield Township and the Bolivar School in Bolivar testified that it was desirable for their students to visit points of interest in the vicinity of the respective schools, but that the pupils were unable to afford the rates charged by protestant, as a result of which such visits could not be made.

Appellant complains that the evidence produced by the applicant showing necessity deals solely with testimony regarding price; that in order to arrange for transportation similar to that proposed by applicant, the protestant would have to arrange for such service at a point approximately 20 miles away, and would, therefore, involve 40 miles of "dead mileage", which correspondingly would be reflected either directly or indirectly in the prices charged for the transportation. The record discloses that price was only one of several factors weighed by the Commission in considering the convenience of the public proposed to be served. There was a finding by the Commission based upon substantial, competent and relevant evidence that the convenience of the public would be served by the granting of

the certificate; that the existing service provided by the protestant is not of a type or character which satisfies the public need, and that the proposed service would tend to correct or substantially improve that condition. There was testimony establishing that on many occasions the busses of the protestant were overcrowded; that at times they were not available; that the rates charged on several occasions were prohibitive when applied to certain groups and parties, brought about no doubt by 40 miles of "dead mileage" involved in providing interested groups with the service desired, thus making it inconvenient and expensive for the groups or parties desiring service to obtain the same through the protestant. It is pertinent to observe here that there is no evidence in the record disclosing what portion of the total revenue of protestant is derived from group and party bus service in the area granted to the applicant; that it would appear that the certificate granted embraces but a very small part of the protestant's total business. In light of the foregoing, the findings of the Commission based as they are upon substantial evidence with rational, probative force, and without error of law, will not be disturbed.

Order affirmed.