Zurcher, Appellant, *v.* Pennsylvania Public Utility Commission.

344

Argued April 15, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Frederick L. Kiger,* with him *Jerome Solomon,* for appellants.

*Thomas M. Kerrigan,* Assistant Counsel, with him *Paul E. Beaver,* Assistant Counsel, and *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Arthur J. Diskin,* for intervenor, appellee.

OPINION BY RHODES, P. J., July 14, 1953:

These appeals are from the order of the Pennsylvania Public Utility Commission, dated August 25, 1952, enlarging and amending the rights previously granted Arthur A. Freda, trading as Freda's Trucking Company, and giving him the right to transport, as a Class D carrier, clay products (excluding refractory brick, furnace brick and fire brick) from points within sixty airline miles of the City-County Building, City of Pittsburgh, Allegheny County, Pennsylvania, to job sites in the territory, provided that no haul should exceed a distance of sixty miles from point of origin to point of destination. The certificate granted also contained a condition excluding rendition of service "to or from the Borough of New Bethlehem, Clarion County, and points within a radius of five (5) miles thereof."

Applicant, who had held a certificate authorizing him to haul building material and clay products for J. J. Schano and McCrady-Rodgers Company, sought the right to serve contractors generally, especially in haulage of building brick and tile, within the sixty miles radius to job sites where the material would be used in building homes and apartments.

Protests were filed in the names of twenty-five carriers. Most of the protests were withdrawn. Four witnesses testified as protestants at the hearings. In its

reference to these witnesses the Commission in its order said: "One witness represented two (2) protestants—Mooney Brothers Trucking Company and Weston Hauling, Inc. Both of these companies have headquarters in New Castle. Mooney Brothers is not authorized to transport to or from points in Allegheny County and Weston Hauling, Inc. is certificated to lease equipment without drivers, an activity not contemplated by the application now being considered. The testimony of the witness representing DeBolt Transit Company was generally vague, indefinite and uncertain and, therefore, of little value in this proceeding. Another protestant witness holds a permit as a contract carrier but is not certificated as a common carrier."

Edward Zurcher, the principal protestant and an appellant, presently holds a certificate authorizing him to transport brick, clay products, etc., from points within one hundred miles of the Borough of Wilkinsburg, Allegheny County, to points within fifty miles of said borough, and also between points within fifty miles of the Borough of Wilkinsburg.

Hearings were held before the Commission on November 27, 1951, and January 14, 1952, at which both applicant and protestants presented evidence. On June 16, 1952, the Commission entered a short form order granting applicant the modified rights sought. The record was remanded to the Commission, and the present appeals are from the final order of the Commission of August 25, 1952.

The contention of the appellant Edward Zurcher is that the evidence of record is not sufficient in quality and quantity to support the Commission's action. Consequently, he asserts (1) that the order of the Commission is not supported by substantial evidence of rational probative force, and especially (2) that applicant did not show need for the service in any but a small segment

of the entire radial area as to which the Commission granted rights. It is unnecessary to stress the scope of appellate review, as set forth in section 1107 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS §1437. We do not exercise our independent judgment on the record or weigh conflicting evidence; our inquiry in this respect is limited to whether there is substantial evidence to support the findings of the Commission. *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* 170 Pa. Superior Ct. 411, 416, 85 A. 2d 646; *Hutchison v. Pennsylvania Public Utility Commission,* 168 Pa. Superior Ct. 319, 77 A. 2d 744.

The evidence in this case as to the need for the additional service of the applicant in the territory was conflicting. Applicant, testifying on his own behalf, stated that he owned three tractors, five trailers and two trucks, and that he received requests for the proposed service from at least six named construction contractors. He produced three witnesses, representing as many different contractors who testified as to the need for the service. John Austin, vice-president of Keagler-Austin Clay Products Company, testified that in 1951 his concern would have for transportation over one thousand truck loads of brick principally to job sites throughout the area where small homes or apartment buildings were in process of construction. This witness had made many requests of the appellant Zurcher to haul brick, but ninety-nine per cent of the time Zurcher refused such requests, and in the opinion of the witness Zurcher's service was not satisfactory. Testimony of applicant's other witnesses was substantially the same as to the need generally for the proposed service and the inadequacy of existing service.

Paul Zurcher, son of Edward Zurcher, and general manager of the latter's business, testified on behalf of

his father, the appellant. He stated that they were presently meeting all needs for this type of transportation in most of the area covered by Freda's application. This witness contradicted applicant's witnesses as to their requests to Zurcher for service. In its order the Commission for reasons given did not consider the testimony of Paul Zurcher reliable or acceptable. Three other witnesses appeared on behalf of protestants, namely, J. P. M. DeBolt, Gerald Mooney, and W. Thayer Martin. These witnesses testified that all needs for brick haulage were being met by presently certificated carriers in the area. The rights of carriers represented by witnesses Mooney and Martin, as pointed out by the Commission, conflicted with those granted applicant only in certain limited areas.

As we have often stated, the credibility of the witnesses and the weight to be given to their testimony are of necessity for the Commission in these cases. Furthermore, where the evidence, as here, presents a definite conflict as to a public need for an applicant's service in an area, it is for the Commission to determine whether the available equipment and facilities are sufficient and adequate to meet the public demands, and the extent of competition to be allowed is largely an administrative question within the sound discretion and judgment of the Commission. *Ruettger v. Pennsylvania Public Utility Commission,* 164 Pa. Superior Ct. 388, 392, 64 A. 2d 675. The extent of competition among carriers in a given territory is especially a matter which the legislature has placed within the area of administrative discretion. *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* supra, 170 Pa. Superior Ct. 411, 421, 85 A. 2d 646.

Objection is made to the fact the Commission referred to prior proceedings before it to establish inconsistencies in statements of the witness Zurcher as to the

number of pieces of equipment his organization operated. In so doing the Commission did not violate the rule which forbids action on the basis of evidence outside the record. Cf. *Beatty v. Public Service Commission,* 110 Pa. Superior Ct. 461, 169 A. 21. In any event this evidence concerned the issue of credibility only, and was merely cumulative on that issue; it was a matter within the province of the Commission.

We think there was sufficient proof of need for the proposed service within the sixty mile radial area of Pittsburgh. No particular type of evidence is required; the only requirement is that the evidence as a whole be legally sufficient to support the order of the Commission. *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* supra, 170 Pa. Superior Ct. 411, 420, 85 A. 2d 646. This is met by showing that the proposed service is reasonably necessary for the accommodation or convenience of the public, or by establishing that existing service does not satisfy the public need and that the proposed service would tend to correct or substantially improve that condition. *Kulp v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 379, 382, 33 A. 2d 724. Absolute necessity for the additional service is not a requisite, and it is not necessary that applicant establish a present demand for the service in every square mile of the territory certificated; proof of necessity within the area generally is sufficient. *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* supra, 170 Pa. Superior Ct. 411, 421, 85 A. 2d 646. This is especially true in the present case where haulage is limited to job sites, the termini of which are constantly changing. The finding of public need for the service within the entire sixty mile radial area was supported by substantial evidence, and the allowance of the proposed service was largely a matter of administrative discretion. The subject of the present appeals is, under the circumstances, clearly

350

an administrative question to be decided by the Commission. *Follmer Trucking Co. v. Pennsylvania Public Utility Commission,* 171 Pa. Superior Ct. 75, 85, 90 A. 2d 294.

The order of the Commission is affirmed.