Modern Transfer Co., Inc. et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued July 17, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Paul F. Barnes,* with him *Shertz, Barnes & Shertz,* for appellant.

*Harry W. Speidel,* with him *Snyder, Balmer & Kershner,* for appellant.

*Paul Ribner,* Assistant Counsel, with him *Edward Munce,* Assistant Counsel, and *Thomas M. Kerrigan,* Acting Counsel, for Public Utility Commission, appellee.

*William J. Wilcox,* for applicant, intervening appellee.

OPINION BY GUNTHER, J., October 3, 1956:

These appeals are from the order of the Pennsylvania Public Utility Commission authorizing Carl R. Bieber, applicant, to transport, as a Class D carrier,

property of the Caloric Appliance Corporation located in Topton, Pa. Carl A. Bieber filed an application to amend his common carrier certificate so as to authorize him to transport, as a common carrier by motor vehicle, property of the Caloric Appliance Corporation between its plant located in the Borough of Topton, Berks County, to other points and places in Pennsylvania and return.

Protests to the granting of the application were filed by appellants, Modern Transfer Co., Inc., and Reading Transportation Company, Inc. A hearing on the application was held on December 1, 1955, at which the applicant and two witnesses from Caloric Appliance Corporation testified in support of the application and the appellants testified against it. Thereafter, on March 27, 1956, the commission entered a short-form order modifying and extending the applicant's then existing rights. From this order, appellants filed their appeals and petitions for supersedeas. However, while these appeals were pending, the commission sought permission from us to remit the record so that it may have the opportunity to make specific findings of fact in sufficient detail to enable us to determine the controverted questions. The record was remitted on May 10, 1956, and thereafter findings of fact were made. Additionally, on May 28, 1956, the commission issued a long-form order, limiting the authority granted "to the furnishing of tractors for the transportation of property of the Caloric Appliance Corporation in trailers owned by Caloric Appliance Corporation."

Appellants challenge the order of the commission because the order, allegedly, is based upon insufficient findings of fact and that such findings of fact are not supported by substantial evidence of rational probative value.

We have stated repeatedly that our duty on appeal is not to exercise our independent judgment on the record or to weigh conflicting evidence, but it is limited in this respect to the question whether there is substantial evidence to support the findings and order of the commission. *Modern Transfer Company et al. v. Pennsylvania Public Utility Commission,* 179 Pa. Superior Ct. 46, 115 A. 2d 887; *Leaman Transportation Co. v. Pennsylvania Public Utility Commission,* 175 Pa. Superior Ct. 553, 106 A. 2d 901; *Zurcher v. Pennsylvania Public Utility Commission,* 173 Pa. Superior Ct. 343, 98 A. 2d 218.

A review of the evidence produced before the commission does not support the contentions of appellants. The applicant transports property, as a Class D carrier, for the Kutztown Foundry Machine Corporation from the Borough of Kutztown and for the Atlas Mineral Products Company from the Borough of Mertztown, to other points in Pennsylvania and vice versa. He has 18 tractors and 22 trailers. His headquarters are located at Kutztown which is about four miles from Topton. He intends, and the order of the commission limits him, to furnish tractors to haul the trailers owned by Caloric Appliance Corporation. During emergencies, when the shipper cannot use its own tractors, the applicant will serve the shipper by delivery of its manufactured products (gas ranges) to different points in the State and the return of materials which the shipper uses in its manufacturing activities. The manufactured products will be loaded by the shipper in its own trailers. During emergencies, applicant has hauled about 10 truckloads for the shipper to or from Philadelphia during the six months preceding the hearing. Witnesses for the shipper testified that it ships its commodities crated, uncrated in its own trailers and un-

crated by means of pick-ups at the plant. The crated shipments are made by authorized common carriers and the granting of the instant application would not affect those shipments.

On cross-examination, the general manager of Modern Transfer Company, Inc., admitted that his company's tractors had never hauled Caloric's trailers and that his company has no authority to transport property to Scranton, Erie or to Williamsport. The superintendent of Reading Transportation Company testified that his company's terminal at Reading is approximately 20 miles away from Topton but that requested service could be furnished within an hour. He also testified that his company does not accept the type of commodity here involved without packing and that shipments from Topton to Scranton would have to be made over two lines.

The controller of the shipper testified that his company has 10 tractors and 21 trailers and employs seventeen men in connection with movement of the commodities which are marketed throughout Pennsylvania. It also has a large volume of business with other suppliers of raw and finished materials. The shipper operates on precise schedules and, over the years, its customers have grown to rely on promised deliveries; that in cases of emergency, such as the failure of its equipment or manpower, the services of the applicant would be necessary to prevent a stoppage of scheduled deliveries. The applicant is closer to its plant than either of the protestant appellants and could render faster service in an emergency.

The burden of proof was upon applicant to establish (1) the need for the proposed service, and (2) the inadequacy of the existing service. *Modern Transfer Co. v. Pennsylvania Public Utility Commission,* supra,

179 Pa. Superior Ct. 46, 51, 115 A. 2d 887; *Motor Freight Express v. Pennsylvania Public Utility Commission,* 180 Pa. Superior Ct. 294, 301, 119 A. 2d 661. The evidence need not indicate an absolute necessity for the additional service, nor is it necessary that the proposed service be absolutely indispensable. *Garner v. Pennsylvania Public Utility Commission,* 177 Pa. Superior Ct. 439, 110 A. 2d 907; *Lancaster Transportation Company v. Pennsylvania Public Utility Commission,* 181 Pa. Superior Ct. 129, 124 A. 2d 380. What may constitute a need for carrier service, indicated in part by the number of requests, depends upon the locality involved and the particular circumstances of each case. Furthermore, consideration cannot be given to a protesting carrier who has not been giving the public the service to which it is reasonably entitled until another carrier seeks to render competitive service. *Noerr Motor Freight Inc. v. Pennsylvania Public Utility Commission,* 181 Pa. Superior Ct. 322, 124 A. 2d 393.

We think the evidence shows a need for the type of service proposed by applicant, and that the existing service is inadequate. The applicant, from the point of view of time and distance, is better able to provide the service required by the shipper. The applicant can furnish direct and through service to the customers of the shipper without the necessity of transferring or interchanging trailers with other carriers or without the necessity of loading the trailers specially to conform to the routes of the appellants of other carriers. Cargo may be discharged at several points in one trip with dispatch and convenience to the public generally. While the evidence on this point is not voluminous, it is substantial. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to

support a conclusion, especially when considered in connection with the accommodation or convenience of the public: *Modern Transfer Co. et al. v. Pennsylvania Public Utility Commission,* supra; *Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission,* 170 Pa. Superior Ct. 411, 85 A. 2d 646; *Kulp v. Pennsylvania Public Utility Commission,* 153 Pa. Superior Ct. 379, 33 A. 2d 724. We think that the order of the commission is based upon sufficient findings of fact to sustain it.

The order of the commission is affirmed.