D. F. Bast, Inc. et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued April 24, 1959; reargued May 26, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Paul F. Barnes, William J. Wilcox,* and *John E. Fullerton,* with them *George A. Rupp,* and *Shertz, Barnes & Shertz,* and *Butz, Hudders, Tallman & Rupp,*

248

and *Snyder, Wert, Wilcox, Frederick & Doll,* for appellants.

*Paul Ribner,* Assistant Counsel, with him *Thomas M. Kerrigan,* Counsel, for appellee.

*Gene D. Smith,* for intervening appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, September 28, 1959:

This is an appeal from a judgment of the Superior Court affirming an order of the Pennsylvania Public Utility Commission[1] which amended the original common carrier certificate of the intervening appellee, Bob Young Trucking, Inc. (hereinafter called Young). This amendment authorized Young to exercise certain additional rights in the transportation of iron and steel articles. The action of the Commission was affirmed by a divided Superior Court.[2] We granted an allocatur.

On May 15, 1956 Young filed an application with the Commission for a certificate of public convenience to authorize it to "transport as a Class D carrier all types and forms of steel and metal articles from the City of Bethlehem to points in Pennsylvania". At the time of filing this application, in addition to holding other transportation rights not presently material, Young was authorized (1) to transport iron and steel articles by motor vehicles for the Bethlehem Contracting Company in the City of Bethlehem to points in Pennsylvania within fifty miles and (2) to transport, in emergencies, as a Class D carrier iron and steel articles by motor vehicles from the Bethlehem Steel Company in the City of Bethlehem to points in Pennsylvania within one hundred miles. The present ap-

---

[1] The Commission was divided 3-2.

[2] 185 Pa. Superior Ct. 487, 138 A. 270. President Judge RHODES and Judge HIRT dissented.

pellants—trucking concerns who are the holders of common carrier certificates—filed protests against the granting of the application.

After extensive hearings, the Commission entered a so-called "short form" order which extended Young's existing rights. An appeal was taken to the Superior Court; on motion of the Commission, the record was remanded in order that specific findings might be made by the Commission and a so-called "long form" order entered. On September 3, 1957 the Commission entered a "long form" order which authorized Young: "To transport, as a Class D carrier, fabricated or structural iron and steel articles, on pole, flat-bed or low side trailers, from the City of Bethlehem, situated in Northampton and Lehigh Counties, to points in Pennsylvania, within 100 miles of Bethlehem, excluding the transportation of manufactured iron and steel articles for Bethlehem Steel Company to the City of Johnstown, the Boroughs of Franklin and Conemaugh and the Township of West Taylor, Cambria County." The present controversy questions the propriety of this order.

In considering an application for a certificate of public convenience, such as presently involved, it is the Commission's duty to determine whether or not "the granting of such certificate is necessary or proper for the service, accommodation, convenience, or safety of the public": Act of May 28, 1937, P. L. 1053, art. II, §203, 66 PS §1123. Once such a determination has been made and an order entered by the Commission an appellate court is bound to accede to the Commission's action unless there be "an error of law or lack of evidence to support the finding, determination or order . . . or violation of constitutional rights:" Act of May 28, 1937, P. L. 1053, art. XI, §1107, as amended, 66 PS §1437. The Commission having found that the

extension of Young's rights complies with the mandate of §203 and no error of law or violation of constitutional rights being involved, we examine the record only to determine if there is substantial evidence to support the finding and order of the Commission. "No particular type of evidence is required; the only requirement is that the evidence as a whole be legally sufficient to support the order of the Commission. Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission, supra, 170 Pa. Superior Ct. 411, 420, 85 A. 2d 646. This is met by showing that the proposed service is reasonably necessary for the accommodation or convenience of the public, or by establishing that existing service does not satisfy the public need, and that the proposed service would tend to correct or substantially improve that condition. Kulp v. Pennsylvania Public Utility Commission, 153 Pa. Superior Ct. 379, 382, 33 A. 2d 724:" *Zurcher v. Pennsylvania Public Utility Commission*, 173 Pa. Superior Ct. 343, 349, 98 A. 2d 218; *Daily Motor Express, Inc. v. Pennsylvania Public Utility Commission*, 183 Pa. Superior Ct. 120, 130 A. 2d 234; *Leaman Transportation Co. v. Pennsylvania Public Utility Commission*, 175 Pa. Superior Ct. 553, 106 A. 2d 901.

The evidence which Young offered in support of its application for an extension of its certificated rights was in large measure premised upon the almost exclusive use by the shipper-witnesses—for at least five years prior to the time of the filing of the present application—of Young's facilities for shipping structural steel requiring the use of specialized equipment. There can be no doubt—in fact, appellee admitted it for the most part—that such service was rendered in violation of Young's certificated rights. The record further discloses that, for the most part, these shippers had not investigated the facilities of other carriers because

their shipping requirements were fulfilled, apparently at lower rates, by the illegal service rendered by Young. If this evidence was improper for consideration by the Commission, we are in agreement with the appellants that the Commission's order granting Young additional rights must be set aside.

Service illegally and unlawfully rendered by an applicant for a certificate of public convenience has in the past *under certain circumstances* been considered legitimate evidence to support the Commission's action in issuing a certificate. Circumstances under which consideration by the Commission of such evidence has been sustained were set forth in *Lancaster Transportation Co. v. Pennsylvania Public Utility Commission*, 181 Pa. Superior Ct. 129, 138, 124 A. 2d 380: "The mere fact of prior operation without commission approval is not per se equivalent to an offense which will prohibit absolutely the acquisition of proper authority when the application is subsequently made. *The distinction between those violations which are prohibitive and those which will be accepted as competent evidence is, to a large degree, dependent upon the existence of good faith.* If the violation is the result of a bona fide misunderstanding of the service authorized by the commission, there is no substantial basis, either legally or morally, to object to its use in a certification proceeding. Motor Freight Express v. Public Service Commission, 117 Pa. Superior Ct. 165, 169, 173, 177 A. 490; Arrow Carrier Corporation v. Public Service Commission, 120 Pa. Superior Ct. 570, 575, 182 A. 711; Cage v. Public Service Commission, 125 Pa. Superior Ct. 330, 336, 337, 189 A. 896. On the other hand, where the violation is one resulting from a deliberate disregard of the certificate limitations or the law, then, of course, the wrongdoer should not profit from his own deliberate wrong." (Emphasis supplied).

Young offers in explanation of his misunderstanding of its rights, that it misread the certificate which authorized the transportation of iron and steel articles from Bethlehem Steel Company *in* the City of Bethlehem and mistakenly believed that the certificate authorized the transportation of iron and steel articles from Bethlehem Steel Company *and* the City of Bethlehem. When it was called to Young's attention that, even if such an explanation be accepted, the certificate restricted his right to transport such articles *only* "in emergencies (to apply only in cases of breakdown delivery to a job site off the highway or because of lack of service by another certificated carrier)," Young's president stated: "I think there is emergency on steel now, even though the war is over ten years, there is still a state of emergency, isn't there?".

Although the credibility of a witness is primarily for the Commission to determine, yet the acceptance by the Commission of Young's explanation that it misread its certificate and misconceived the meaning of an "emergency" when this term was expressly and explicitly defined in the certificate cannot be approved nor can Young's excession of its certificated rights on the basis of a misunderstanding be excused. The record clearly and unmistakably demonstrates that Young operated its transportation service either with a definite knowledge of its lack of authority or with a complete indifference to the extent of its authority—in either event an attitude of deliberate defiance of the law. Even though Young knew that it was operating in violation of its certificated rights at the time of filing the present application, its application certified under oath that it was "not now engaged in any intrastate transportation of property for compensation in Pennsylvania (except as authorized by the certificates of public convenience or permits [which it then held])". Young admitted through its president at the

time of the hearings that it was still operating illegally in spite of at least two convictions for such violations within a year of the time of filing the present application. When its president was asked if he would accept transportation not covered by the extension of rights, he replied: "If it is approved, I will go home and be a good boy—*until then I'll operate illegal.*" (Emphasis supplied).

Under the circumstances portrayed by this record Young's attitude was not conceived in any misunderstanding but in open defiance of the law.[3] To believe otherwise is to stretch credulity to the limit. Under such circumstances, the Commission's issuance of the certificate cannot be based on the reception of evidence of Young's illegal and unlawful operation, even if it be assumed, *arguendo,* that such evidence was sufficient to support the authorization. Excluding such testimony as it must be excluded under the circumstances, the record fails to disclose the substantial evidence required to sustain the action of the Commission, and the Commission's order which granted Young the additional rights and the judgment of the Superior Court affirming such order must be reversed.[4]

Mr. Justice BELL dissents.

Mr. Justice McBRIDE took no part in the consideration or decision of this case.

---

[3] President Judge RHODES in his dissenting opinion well stated: "Under these circumstances, it is absurd for the commission to conclude that Young was operating under a bona fide 'misunderstanding' of the extent of his rights; and his unretracted declaration cannot be minimized by the examiner's apologetic observation".

[4] In view of the conclusion that we have reached, it is unnecessary to consider appellant's contention that the Commission substantially increased Young's rights when it entered its "long form" order in lieu of the "short form" order without giving appellants an opportunity to oppose such alteration.