Reeder, Appellant, *v*. Pennsylvania Public Utility Commission.

299

Argued March 15, 1960. Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and
MONTGOMERY, JJ.

*G. Thomas Miller,* with him *L. K. W. Deininger,* and
*Bailey, Pearson, Miller & Bolton,* for protestant, ap-
pellant.

*Daniel F. Joella,* Assistant Counsel, with him
*Thomas M. Kerrigan,* Counsel, for Pennsylvania Public
Utility Commission, appellee.

*Cassin W. Craig,* with him *Morris Gerber,* and
*Wisler, Pearlstine & Talone,* for applicant, intervening
appellee.

OPINION BY RHODES, P. J., June 15, 1960:

This is an appeal by the protestant Ernest G. Reeder, trading and doing business as Reeder's Coach Service, from an order of the Pennsylvania Public Utility Commission granting additional rights to Frederick J. Whalen, trading and doing business as Pen-Del Coach Lines, Inc., as follows: "To transport, as a common carrier, groups and parties of persons from points in the City of Coatesville, the Borough of Atglen, and the Township of Valley, Chester County, to points in Pennsylvania."

Applicant Whalen has a certificate from the Public Utility Commission to transport, as a common carrier by motor vehicle, persons on schedule over a fixed route between the City of Coatesville and the Borough of Atglen, Chester County. Applicant is also certificated by the Interstate Commerce Commission to engage in interstate bus service from the City of Coatesville, Pennsylvania, to Claymont, Delaware. His certificate covers bus service on the fixed route as well as interstate charter and excursion rights.

Protestant Reeder has group and party rights in the territory including City of Coatesville, Borough of Modena, East Fallow Field, West Brandywine, East Brandywine, Sadsbury, West Sadsbury, Valley, Borough of Parkesburg, and Borough of Atglen to points in Pennsylvania. Protestant has no fixed route operation.

The fixed route of applicant was originally operated by Brandywine Transport Company which became defunct in 1957. Brandywine also provided group and party service during the time of its operation. The fixed route rights were granted to applicant on February 2, 1959, and have not been questioned. Protestant has filed his protest to the application as it pertains to the group and party service.

At the hearing before the commission on February 17, 1959, applicant by amendment limited the scope of his application. The commission limited applicant's rights to the extent set forth in its order. It is to be noted that protestant is not presently authorized to serve the Township of Valley.

Protestant has questioned the commission's order granting rights to applicant on the ground that no substantial evidence was introduced of public necessity for additional service or of inadequate existing service.

Where an applicant seeks to enlarge his authority, the burden of proof is upon the applicant to establish the need for additional service and the inadequacy of the existing service in the area to which the order is applicable. *Follmer Trucking Company v. Pennsylvania Public Utility Commission*, 189 Pa. Superior Ct. 204, 215, 150 A. 2d 163. Applicant must also establish his ability to render the proposed service. *Warminister Township Municipal Authority v. Pennsylvania Public Utility Commission*, 185 Pa. Superior Ct. 431, 436, 138 A. 2d 240. What may constitute a need for the service depends upon the locality involved and the particular circumstances of each case. *Noerr Motor Freight, Inc. v. Pennsylvania Public Utility Commission*, 181 Pa. Superior Ct. 322, 330, 124 A. 2d 393.

In support of the application, applicant established that he had received numerous requests for intrastate group and party transportation from residents and organizations within the area described in his application. The testimony of applicant's witnesses set forth that they were from the City of Coatesville, the Borough of Atglen, and the Township of Valley, Chester County, and that the groups they represented have had frequent occasion to require group and party transportation to points in Pennsylvania; that they contemplated

continuing future need of such service; and that the applicant's proposed service in those communities in addition to protestant's service was, in their opinion, desirable, proper, and necessary for the accommodation of the public. In addition, some of the witnesses testified that prior to September, 1957, when Brandywine ceased operation, they had used the group and party service of Brandywine or of protestant; that since Brandywine ceased operation they have occasionally used private automobiles for such transportation or postponed or canceled planned trips because the transportation they desired within their price range was not available or because they did not wish to use protestant's service due to his high rates. Protestant testified that he was able to render the service requested by groups with one or two exceptions in the past two years. Protestant further testified that his group and party service had been a successful operation from the beginning, and that this was true even during the time Brandywine was operating in the same territory with the same rights.

We have frequently said that it is not necessary for an applicant to establish a present demand for his service in every square mile of the territory to be certificated; proof of necessity within the area generally is sufficient. *Garner v. Pennsylvania Public Utility Commission*, 177 Pa. Superior Ct., 439, 453, 110 A. 2d 907. No particular type of evidence is required; the only requirement is that the evidence as a whole be legally sufficient to support the order of the commission. *Zurcher v. Pennsylvania Public Utility Commission*, 173 Pa. Superior Ct. 343, 349, 98 A. 2d 218. No matter how unimpressive the testimony of the witnesses for the applicant may be, if it is competent testimony the weight is for the commission. *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 185 Pa. Superior Ct. 115, 126, 138 A. 2d 279.

We are of the opinion that the evidence is sufficient to support the commission's order, and that the determination complied with the Act of May 28, 1937, P. L. 1053, Article II, §203, 66 PS §1123. The need for this type of service is undisputed and the inadequacy of the existing service is shown by the requests for service received by applicant, and by the testimony of the various group representatives especially as it related to the circumstances which developed when Brandywine became defunct.

Protestant also contends that the commission substituted for substantial evidence of public necessity and inadequacy of existing service such elements as a desire to foster competition or to guarantee financial stability to the applicant. It is for the commission to determine whether the available equipment and facilities are sufficient to meet the public demand; and the propriety of permitting competition in a particular field in a specific locality is largely an administrative question to be decided by the commission in the exercise of its discretion. *Leaman Transportation Company v. Pennsylvania Public Utility Commission,* 175 Pa. Superior Ct. 553, 106 A. 2d 901. The commission did consider the effect of injecting competition in the area, as it had the power to do, as well as the financial consequences to the parties which would result from the grant of the additional authority. The protestant was found to have had financially rewarding operations even during the period that Brandywine was in competition with him. On the other hand, the applicant would be carrying the burden of fixed route service without the benefit of the apparently more lucrative group and party rights related thereto. It appears that protestant desires to retain a monopoly which the discontinuance of the Brandywine operations created.

No carrier has a right to be guaranteed freedom from competition. *Leaman Transportation Company*

*v. Pennsylvania Public Utility Commission,* 175 Pa. Superior Ct. 553, 559, 106 A. 2d 901. We said in *Sayre v. Pennsylvania Public Utility Commission,* 161 Pa. Superior Ct. 182, 184, 54 A. 2d 95, 96; ". . . 'The primary object of the public service laws is not to establish a monopoly or to guarantee the security of investment in public service corporations, but first and at all times to serve the interests of the public.' . . . Whether there shall be competition in any given field and to what extent is largely a matter of policy and an administrative question that has wisely been committed by the legislature to the sound judgment and discretion of the Public Utility Commission, . . ."

Moreover, it was proper for the commission to consider the preservation of dependable local transportation service by the grant of additional authority, shown by the public need, which will permit financially stable operation by the carrier. *Modern Transfer Company, Inc. v. Pennsylvania Public Utility Commission,* 139 Pa. Superior Ct. 197, 203, 12 A. 2d 458.

The order of the commission may not be disturbed by this Court unless it is clearly shown to be without support in the evidence, or is so arbitrary, capricious, and unreasonable as to amount to error of law or a violation of constitutional rights. *John Benkart & Sons Company v. Pennsylvania Public Utility Commission,* 137 Pa. Superior Ct. 5, 8, 7 A. 2d 584; *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission,* supra, 185 Pa. Superior Ct. 115, 119, 120, 138 A. 2d 279.

The fact that applicant sought only a limited right which would not enlarge his territory may be given consideration in determining whether there is substantial evidence to support the order of the commission. Cf. *Coastal Tank Lines, Inc. v. Pennsylvania Public Utility Commission,* 189 Pa. Superior Ct. 482, 486-489, 151

A. 2d 846; *Noerr Motor Freight, Inc. v. Pennsylvania Public Utility Commission,* supra, 181 Pa. Superior Ct. 322, 331, 124 A. 2d 393. A review of the record indicates that the evidence is conflicting on essential issues, and was sufficient, when viewed in its entirety, to support the limited authority granted applicant by the commission. We do not find any error in the application of the law by the commission.

Order is affirmed.