## New Kensington City Lines, Inc. et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued March 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Ernest S. Burch* and *Henry M. Wick, Jr.,* with them *Richard J. Smith,* and *Nauman, Smith, Shissler & Hall,* and *Delisi and Wick,* for protestants, appellants.

*William A. Goichman,* Assistant Counsel, with him *Joseph I. Lewis,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Leo M. Stepanian,* for applicant, intervening appellee.

OPINION BY RHODES, P. J., April 18, 1963:

These appeals by two protestants are from the final order of the Pennsylvania Public Utility Commission,

dated June 11, 1962,[1] granting W. L. Roenigk the limited right to render group and party service by motor vehicle from the Township of Harrison, Allegheny County, to points in Pennsylvania. W. L. Roenigk filed his application on May 9, 1961, seeking a certificate covering group and party service from the Townships of Harrison and Fawn and the Borough of Brackenridge, Allegheny County, to points in Pennsylvania. Protests were filed by the two present appellants, New Kensington City Lines, Inc., and Culmerville, Russellton and Cheswick Transit Company (C. R. & C. Transit). Following hearings the commission entered a short form order on January 22, 1962, granting applicant group and party rights from the Townships of Harrison and Fawn and the Borough of Brackenridge, Allegheny County, to points in Pennsylvania. Protestants immediately appealed to this Court.

On March 7, 1962, this Court granted the commission's petition for remission of the record for entry of a long form order. We also granted the commission's request, made at the instance of applicant's counsel, to amend the short form order so as to exclude therefrom grant of group and party rights from the Township of Fawn and the Borough of Brackenridge so that such rights covered only group and party service from the Township of Harrison, Allegheny County, to points in Pennsylvania.

The scope of our review on appeal is limited. We may not disturb the order of the commission except for error of law, lack of evidence to support the finding, determination, or order of the commission, or a violation of constitutional rights. *Highway Express Lines, Inc., v. Pennsylvania Public Utility Commission*, 195 Pa. Superior Ct. 92, 97, 169 A. 2d 798. Since no error

---

[1] The appeals were originally filed from the short form order of January 22, 1962.

of law or violation of constitutional rights is involved, our examination of the record is limited to a determination of whether the finding and order of the commission is supported by substantial evidence. *D. F. Bast, Inc., v. Pennsylvania Public Utility Commission,* 397 Pa. 246, 250, 154 A. 2d 505. Although there are no special rules relating to group and party certificates (*H. J. Gongaware and Sons v. Pennsylvania Public Utility Commission,* 163 Pa. Superior Ct. 9, 11, 60 A. 2d 364), the sufficiency of the evidence to support a grant of authority is directly related to the nature and extent of the authority sought. *Chemical Tank Lines, Inc., v. Pennsylvania Public Utility Commission,* 193 Pa. Superior Ct. 607, 620, 165 A. 2d 668, affirmed 406 Pa. 359, 178 A. 2d 698.

In addition to his own testimony, applicant presented four witnesses who testified as to the need for the proposed group and party service. Charles Patterson, a priest at Blessed Sacrament Church, Natrona Heights, Harrison Township, stated that applicant had transported parish students in school buses for the past seven years and the service had been excellent. This witness needed charter service for adult groups, such as the Holy Name Society, Boosters' Club, Ladies' Guild, and Young People's Club. In the past applicant had to refuse such service because of his lack of rights. Protestant, C. R. & C. Transit, did not obtain group and party rights until June 6, 1961, the day before Father Patterson testified. This witness was not aware that New Kensington City Lines, Inc., had rights in Harrison Township.

Fred Kowola, chairman of Scout Troop 192 in Natrona, Harrison Township, sought bus transportation for the group to various camp sites. He prefers applicant's service over that of other carriers since Roenigk's drivers knew the children at the school and were better able to cope with them. Mrs. Ernest Hanu-

494

lik, leader of Girl Scout Troop 196 in Natrona Heights, Harrison Township, requires the service for trips to Pittsburgh by her scout troop several times a year. This witness preferred applicant's service over all others because he provided direct group service from the school or church to the particular destination. Blair Kucinski, president of the Citizens Hose Company of Natrona Heights, Harrison Township, testified to need in the past for applicant's proposed group service. Kucinski stated that applicant's school transportation was good and was conducted with due regard for the safety of the children. Applicant also called as witneses two local school officials who testified as to the high quality of service applicant had rendered in transporting school children. Testifying in his own behalf, applicant stated he serves four parochial schools and Har-Brack public school in Harrison Township. Roenigk stated that group and party service was needed in conjunction with school and church activities to transport groups containing both adults and students.

Protestants called no public witnesses but relied wholly upon the testimony of their own officials. From this testimony it appeared that New Kensington City Lines, Inc., derived less than one-half of one per cent of its gross revenue, and only three per cent of its charter revenue from charter service in Harrison Township. The witness for the other protestant, C. R. & C. Transit, failed to disclose sufficient financial data to enable the commission to ascertain the extent of its business in Harrison Township, and to determine the competitive effect of granting the Roenigk application. On this point the commission said: "In the small period of its operations between June, 1961 and September, 1961, C. R. & C. Transit conducted 15 charter trips from Harrison Township. This is twice the number conducted by New Kensington in less than one-half the

period. This certainly indicates that group and party demand is present in Harrison to accommodate applicant as well as protestants if the proper stimulation is applied. We do not believe that this competition will injuriously affect the service being offered by protestants, neither of which is located in Harrison Township."

Where the testimony is admissible, relevant, and competent, its weight is for the commission as the fact-finding body. *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 185 Pa. Superior Ct. 115, 126, 138 A. 2d 279; *Reeder v. Pennsylvania Public Utility Commission*, 192 Pa. Superior Ct. 298, 302, 162 A. 2d 231.

The commission properly considered the question of the need for the proposed service together with the related factor of the adequacy of existing service. *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 199 Pa. Superior Ct. 158, 166, 184 A. 2d 111; *D. F. Bast, Inc., v. Pennsylvania Public Utility Commission*, supra, 397 Pa. 246, 250, 154 A. 2d 505. The commission took into account the question of the adequacy of existing group and party service. It appears that most of protestants' business is in areas outside of Harrison Township.

The commission also considered the effect of competition, and concluded that the rights sought by applicant would not be unduly prejudicial to protestants, but would be in the public interest. The propriety of permitting competition in a particular area is largely an administrative question to be resolved in the discretion of the commission. *Leaman Transportation Company v. Pennsylvania Public Utility Commission*, 175 Pa. Superior Ct. 553, 106 A. 2d 901; *Reeder v. Pennsylvania Public Utility Commission*, supra, 192 Pa. Superior Ct. 298, 303, 162 A. 2d 231.

The order of the commission is affirmed.